IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS L MUSQUEZ, ) | |
| ) | |
| Plaintiff(s), ) | No. C 07-5966 VRW (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | WITH LEAVE TO AMEND |
| D SEPULVEDA, et al, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at the Santa Clara County Jail and frequent litigant in this court, has filed a pro se complaint under 42 USC § 1983 alleging mail tampering. Plaintiff specifically alleges that he has not received all of his "duly authorized" mail, including several issues of his USA Today newspaper and Tattoo magazine. He also alleges that his outgoing mail has been delayed without cause.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

B.     Legal Claims

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v Paff, 52 F3d 264, 265 (9th Cir 1995) (citing Thornburgh v Abbott, 490 US 401, 407 (1989)). But isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v Maschner, 899 F2d 940, 944 (10th Cir 1990); see also Crofton v Roe, 170 F3d 957, 961 (9th Cir 1999) (temporary delay or isolated incident of delay in mail processing does not violate prisoner's 1st Amendment rights).

In order to state a First Amendment claim of mail interference under § 1983, plaintiff must allege specific facts showing that the missing newspaper/ magazine issues and mail delay have amounted to more than isolated incidents of mail interference. Plaintiff must also link each named defendant to his allegations of wrongdoing – he must allege specific facts showing how each defendant actually and proximately caused the deprivation of his First Amendment rights. See Leer v Murphy, 844 F2d 628, 634 (9th Cir 1988).

/

2

|   |   |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, the complaint is dismissed with leave to amend, |
| 3 | as indicated above, within 30 days of this order.  The pleading must be simple |
| 4 | and concise and must include the caption and civil case number used in this order |
| 5 | and the words FIRST AMENDED COMPLAINT on the first page.  Failure to |
| 6 | file a proper amended complaint within the designated time will result in the |
| 7 | dismissal of this action. |
| 8 | Plaintiff is advised that the amended complaint will supersede the original |
| 9 | complaint and all other pleadings.  Claims and defendants not included in the |
| 10 | amended complaint will not be considered by the court.  See King v Atiyeh, 814 |
| 11 | F2d 565, 567 (9th Cir 1987). |
| 12 | SO ORDERED. |

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Musquez, M4.dwlta.wpd

3