1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCOS L MUSQUEZ,                    )
                                     )
                Plaintiff(s),        )        No C 07-5966 VRW (PR)
                                     )
        vs.                          )        ORDER OF DISMISSAL
                                     )
D SEPULVEDA, et al,                  )
                                     )
                Defendant(s).        )
_____       )

        Plaintiff, a prisoner at the Santa Clara County Jail and frequent litigant in

this court, filed a pro se complaint under 42 USC § 1983 alleging that he has not

received all of his "duly authorized" mail, including several issues of his USA

Today newspaper and tattoo magazines.  Plaintiff also alleged that his outgoing

mail has been delayed without cause.

        Per order filed on March 25, 2008, the court explained that although

prisoners enjoy a First Amendment right to send and receive mail, isolated

incidents of mail interference without any evidence of improper motive or

resulting interference with the right to counsel or access to the courts do not give

rise to a constitutional violation.  Mar 25, 2008 Order at 2 (citing Crofton v Roe,

170 F3d 957, 961 (9th Cir 1999), and Smith v Maschner, 899 F2d 940, 944 (10th

Cir 1990)).  The court dismissed the complaint with leave to amend to allege, if

possible, specific facts showing that the missing newspaper/magazine issues and

mail delay have amounted to more than isolated incidents of mail interference.

Id.  Plaintiff was also instructed to link each named defendant to his allegations

1    of wrongdoing – he must allege specific facts showing how each defendant

2    actually and proximately caused the deprivation of his First Amendment rights.

3    Id (citing <u>Leer v Murphy</u>, 844 F2d 628, 634 (9th Cir 1988)).

4        Plaintiff has filed a First Amended Complaint ("FAC") again alleging in a

5    conclusory fashion that defendants interfered with this incoming and outgoing

6    mail.  The only specifics are found in the administrative grievances attached to

7    the FAC, which indicate that in the twelve months preceding the filing of this

8    action on November 27, 2007, plaintiff did not receive his daily USA Today

9    newspaper and tattoo magazines on a handful of occasions, and did not receive

10   his frequent mail from this court on one occasion.[1]  Although unfortunate, these

11   few instances of lost mail do not amount to more than isolated incidents

12   insufficient to state a First Amendment claim of mail interference.  See <u>Smith</u>,

13   899 F2d at 944.  After all, plaintiff's attached grievances make clear that his First

14   Amendment claim is based solely on his assumption that, if he did not receive a

15   particular piece of mail, one of the mailroom officers must have destroyed it.

16       For the foregoing reasons, the FAC is dismissed for failure to state a claim

17   under the authority of 28 USC § 1915A(b).  The clerk is instructed to enter

18   judgment in accordance with this order and close the file.

19       SO ORDERED.

20   _____

21   VAUGHN R WALKER
     United States District Chief Judge

22   G:\PRO-SE\VRW\CR.07\Musquez, M4.dismissal.wpd

23

24       [1]Plaintiff also attaches recent administrative grievances alleging that he did not
25   receive his Mercury News newspaper several times in 2008.  Plaintiff must exhaust
     these recent claims before bringing them to federal court.  See <u>McKinney v Carey</u>, 311
26   F3d 1198, 1199 (9th Cir 2002) (action/claim must be dismissed unless prisoner
     exhausted available administrative remedies <u>before</u> he filed suit, even if prisoner fully
27   exhausts while suit is pending).

28                                          2